**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Vertical Web Media, L.L.C., a/k/a | ) | Case No. 1:14−cv−03220 |
| Internet Retailer, | ) | |
| | ) | Judge Joan B. Gottschall |
| Plaintiff, | ) | Magistrate Judge Susan E. Cox |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| Etailinsights, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**DEFENDANT'S MEMORANDUM OF LAW IN**
**OPPOSITION TO PLAINTIFF'S MOTION FOR EXPEDITED DISCOVERY**

This is a lawsuit brought by a very large company (Vertical Web Media, L.L.C. d/b/a Internet Retailer ("Internet Retailer")) against a much smaller but successful earlier stage company, Etailinsights, Inc. ("etailinsights"), for what may be anticompetitive motives. Indeed, this lawsuit appears to be Internet Retailer's "response" to an introductory email that etailinsights' CEO sent to Internet Retailer's CEO about two months ago exploring whether Internet Retailer might be interested in exploring a strategic alliance or other business relationship considering how etailinsights' business complements Internet Retailer's business.[1] Not only is the timing of the filing of the lawsuit suspicious, but so are the substantive allegations themselves. Many of the thinly pled allegations are based on "information and belief" without supporting allegations to demonstrate a basis for Internet Retailer's speculation, even with respect to Lanham Act claims which, like fraud, are subject to stricter pleading standards, as such allegations are prone to abuse.

---

[1] The referenced email is attached as **Exhibit A**.

1

Internet Retailer now seeks expedited discovery based on its insufficient allegations. However, Internet Retailer has not met its burden of showing good cause for expedited discovery, and its motion should be denied for the following reasons: (1) no motion for preliminary injunction is pending, (2) the proposed expedited discovery is both overly broad and unduly burdensome, and (3) temporal and other considerations make clear that a preliminary injunction motion would be inappropriate, which undercuts the purported purpose for expediting discovery and any need for departing from well established discovery norms more appropriate for this case.[2] Of particular note, Internet Retailer complains of conduct that it contends started in 2009, and even Internet Retailer's allegations concerning use of data in its "Top 500 Guide" are stale because Internet Retailer alleges that etailinsights is using the 2012 and 2013 versions of the "Top 500 Guide," which is an annual publication with its most recent 2014 edition already released.[3]

---

[2] Internet Retailer's Complaint falsely alleges that "[e]tailinsights is using two of Internet Retailer's most valuable assets, its data and its customer contact list, in combination to compete with Internet Retailer." (Compl. (introduction section).) However, in its own account of when the complained of conduct started, Internet Retailer alleges that **"[s]ince 2009**, a member of [e]tailinsights['] management team has purchased various Internet Retailer research products," and that "**starting in 2009**" etailinsights has been using Internet Retailer's research products "to create a portion of its Database, and [e]tailinsights continues to use the proprietary Contact List and data it obtained as a base on which to add contacts to its Database." (Compl. ¶¶ 10, 13) (bold emphasis added). More specifically, the Complaint (incorrectly) alleges that one or more of etailinsights' management employees who previously worked for Bronto "downloaded, copied, or otherwise obtained" the Contact List from Bronto before they resigned from Bronto and "[b]efore creating etailinsights." (Compl. ¶¶ 30-31). Furthermore, Internet Retailer alleges that etailinsights is using Internet Retailer's Top 500 Guide for years 2012 and 2013 to update its "knockoff" Database. (Compl. ¶ 12). Internet Retailer's Complaint also acknowledges that etailinsights was founded more than three years ago, around January 2011. (Compl. ¶ 17.)

[3] Attached as **<u>Exhibit B</u>** is an email solicitation Internet Retailer sent to etailinsights *after* the filing of this lawsuit inviting etailinsights' CEO to purchase the now released 2014 edition of the Top 500 Guide.

In addition, as shown below, expedited discovery is inappropriate because the only basis alleged for federal jurisdiction in this case – the Lanham Act claim – is insufficiently pleaded and subject to dismissal. Finally, and in the alternative, should this Court nevertheless determine that Internet Retailer has made a showing sufficient to merit expedited discovery, etailinsights respectfully requests the opportunity to conduct limited discovery of its own on the basis for Internet Retailer's flimsy allegations.

## ARGUMENT

### A. Internet Retailer's Motion for Expedited Discovery Should Be Denied For Failure to Show "Good Cause."

Internet Retailer's Motion for Expedited Discovery ("Motion") should be denied for failure to show "good cause" because the proposed expedited discovery is not reasonable under the overall circumstances. While this Court has discretion to limit the scope of discovery and to order discovery be conducted in a particular sequence under Rule 26 of the Federal Rules of Civil Procedure, "expedited discovery is not the norm" and should not be granted "without some showing of the necessity for the expedited discovery." *See* FED. R. CIV. P 26; *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. O'Connor*, 194 F.R.D. 618, 623 (N.D. Ill. 2000); *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill. 1996). Indeed, "[a] party seeking leave to conduct . . . expedited [discovery] has the burden to make a prima facie showing of the need for such early discovery." *Hard Drive Prods., Inc. v. Doe*, 283 F.R.D. 409, 410 (N.D. Ill. 2012); *Merrill Lynch*, 194 F.R.D. at 623. This burden requires the movant to establish "good cause" for such early, outside-the-norm discovery. *Hard Drive*, 283 F.R.D. at 410.

In the Seventh Circuit, "good cause" is determined "on the entirety of the record to date and the reasonableness of the request in light of all of the surrounding circumstances. . . ." *Ibarra v. City of Chicago*, 816 F. Supp. 2d 541, 554 (N.D. Ill. 2011) (quoting *Merrill Lynch*, 194 F.R.D. at 624). "In applying the 'reasonableness' standard, factors a Court may consider include '(1) whether a preliminary injunction is pending; (2) the breadth of the discovery requests; (3) the purpose for requesting the expedited discovery; (4) the burden on the defendants to comply with the requests; and (5) how far in advance of the typical discovery process the request was made.'" *Ibarra*, 816 F. Supp. 2d at 554 (quoting *Landwehr v. F.D.I.C.*, 282 F.R.D. 1, 3-4 (D.D.C. 2010)). Applying these factors to the instant case, as discussed more fully below, Internet Retailer's Motion is *not* reasonable and should be denied.

    1.   <u>Internet Retailer's Motion is *Not* Reasonable Because a Preliminary Injunction is *Not* Pending.</u>

To determine the reasonableness of expedited discovery, the Court should first consider whether a preliminary injunction is pending. *Ibarra*, 816 F. Supp. 2d at 554 ("In applying the 'reasonableness' standard, factors a Court may consider include '(1) whether a preliminary injunction is pending. . . .'").

Here, a preliminary injunction is not pending, and Internet Retailer candidly admits that its purpose for requesting expedited discovery is not to support a *pending* motion, but instead "to obtain information" to support a *potential* motion for preliminary injunction. (*See* Mot. for Expedited Disc. ¶ 8.) While such circumstances strongly suggest that even Internet Retailer understands it could not obtain a preliminary injunction based on information discovered to date, a cursory review of the Complaint reveals that even with additional discovery there are likely no reasonable grounds for

filing a preliminary injunction motion. Many of the allegations in the Complaint are based "on information and belief" without reference to any basis for such belief, suggesting that Internet Retailer filed suit based on little more than a hunch.[4] The prevalence of such unsupported "on information and belief" allegations is particularly significant considering that Internet Retailer purports to state a claim under the Lanham Act, where stricter fraud-based pleading requirements prohibit allegations on "information and belief" without some other reasonable allegations as to the grounds for such belief.[5]

Furthermore, considerations of staleness make a motion for preliminary injunction inappropriate in this case. Internet Retailer's primary complaint concerns the alleged use of a Contact List. While the evidence will show that etailinsights did not misappropriate the Contact List, Internet Retailer's allegations in the Complaint that the Contact List was obtained as many as five years ago show that the claim is also dated. Furthermore, Internet Retailer's allegations about any alleged *re-use* of revenue data (i.e., non-copyrightable facts) from the 2012 and 2013 versions of Internet Retailer's annually published Top 500 Guide presents no greater reason for a preliminary injunction because

---

[4] By etailinsights' count, of the thirty-one (31) factual allegations in the Complaint, ten (10) of those are made "on information and belief." (*See* Compl. ¶¶ 12-15, 18, 20-22, 31-32.) Furthermore, most if not all of those ten (10) allegations are vital to Internet Retailer's claims.

[5] It is well settled in this District that "claims that allege false representation or false advertising under the Lanham Act are subject to the heightened pleading requirements of Fed.R.Civ.P. 9(b)." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 709 (N.D. Ill. 2006). Moreover, in the Seventh Circuit "the duty to plead the circumstances constituting fraud with particularity [can]not be fulfilled by pleading those circumstances on 'information and belief' unless they [are] facts inaccessible to the plaintiff, in which event he ha[s] to plead the grounds for his suspicions." *Bankers Trust Co.*, 959 F.2d at 684 (7th Cir. 1992). What's more, "[t]he allegations of fraud are made in [Internet Retailer's] complaint on 'information and belief,' a clearly improper locution under the current federal rules, which impose (in the amended Rule 11) a duty of reasonable precomplaint inquiry not satisfied by rumor or hunch." *Id.*

Internet Retailer has published (and solicited etailinsights to purchase) its 2014 version of this same annual publication since the filing of this lawsuit, making the old data in its prior guides obsolete. Because no motion for preliminary injunction has been filed, and because a preliminary injunction would be inappropriate due to the staleness of the issues, the Motion should be denied.

> 2. Internet Retailer's Motion is *Not* Reasonable Because Internet Retailer's Proposed Expedited Discovery Requests are Overly Broad and/or Unduly Burdensome.

Not only does the first factor show expedited discovery is *not* reasonable, but the second and fourth factors also show expedited discovery is *not* reasonable because Internet Retailer's expedited discovery request are overly broad and not "limited" as is necessary to justify expedited discovery. To determine the reasonableness of expedited discovery, the Court should also consider the breadth of the expedited discovery requests as well as the burden on the defendant to comply with those requests. *Ibarra*, 816 F. Supp. 2d at 554 ("In applying the 'reasonableness' standard, factors a Court may consider include . . . (2) the breadth of the discovery requests. . . . and (4) the burden on the defendants to comply with the requests. . . ."). Moreover, overbreadth is such a serious issue that "motions for expedited discovery are typically denied when the movant's discovery requests are overly broad." *Share Corp. v. Momar, Inc.*, 10-CV-109, 2010 WL 724321, at *2, n.3 (E.D. Wis. Feb. 26, 2010) (citing *Qwest Commc'ns Int'l Inc. v. Worldquest Networks, Inc.*, 213 F.R.D. 418, 420 (D.Colo.2003)).

First, without any limitation as to time, Internet Retailer seeks expedited discovery, including a Rule 30(b)(6) deposition, of "[a]ll documents and things supporting [e]tailinsights' representation that 'our company records are refreshed and

phone verified by our research team every 90 days to ensure that our data is accurately and timely.'" (Mot. for Expedited Disc. ¶¶ 9(a), (d)(1).) These requests are grossly overbroad because they would require etailinsights to testify and produce all information of any type about every bit of data in its database that has been updated or refreshed over the course of years. This would require production of documents showing the source of all of the reported data on the more than 10,000 companies covered by etailinsights' database, as well as all data collected as a result of its steady, ongoing efforts to regularly refresh and verify all such data. This would be a massive undertaking. The over-breadth concerns are particularly grave here because Internet Retailer has not even satisfied minimal Rule 11 pleading requirements for its Lanham Act claims. *See supra* note 5.

Next, again without any limitation as to time or as to the type of document or information sought, Internet Retailer seeks expedited discovery, including a Rule 30(b)(6) deposition, of "[a]ll documents and things related to [e]tailinsights' contact information contained in [e]tailinsights' eCommerce Prospect Database Solution." (Mot. for Expedited Disc. ¶¶ 9(b), (d)(2).) As a matter of logic, etailinsights could not possibly have accumulated this voluminous contact information on 10,000 companies by misappropriating Internet Retailer's Contact List for the companies listed in Internet Retailer's Top 500 Guide – which is in any event denied. Rather, etailinsights' contact information is the product of independent research conducted by researchers etailinsights has paid handsomely over the course of more than three years. Effectively, Internet Retailer is asking etailinsights to turn over the original source of all contact information ever reported at any time by etailinsights in its database reporting on more than 10,000 companies over more than three years, as well as the source of any and all updates to any

and all such contact information. This request is so broad that, if granted, it would allow Internet Retailer to obtain any and all contact information from etailinsights regardless of whether etailinsights developed that contact information independently of the Contact List upon which Internet Retailer bases its claims. Contact information that originated independently of the Contact List is well beyond the scope of Internet Retailer's claim that, in part, "hinges on whether [e]tailinsights . . . stole [Internet Retailer's] Contact List to create a competing product. . . ." (Mot. for Expedited Disc. ¶ 5.)  This request is grossly overbroad and without justification.

Lastly, without any limit in time or even to specific publications, Internet Retailer's remaining request asks for "all documents and things," as well as a Rule 30(b)(6) deposition, "related to [e]tailinsights' use of the Internet Retailer's publications, including the Top 500 Guide." (Mot. for Expedited Disc. ¶¶ 9(c), (d)(3).) Like Internet Retailer's other requests, this request is also overbroad and unreasonable. To produce documents and testify regarding etailinsights' "use of the Internet Retailer's publications," without any limitation to time or publication, would require etailinsights to review (within an expedited discovery timeframe) the entire body of work by its paid researchers to show the source of each and every data point ever included in its database for every year Internet Retailer made *any* publication. Such broad-scoped expedited discovery is simply not warranted or reasonable, especially before there has even been an initial threshold determination about whether the specific data complained of is even protected from re-use by any legal or contractual limitation.[6]

---

[6] Internet Retailer fails to make clear any valid restriction on use of revenue facts in its database, as such facts are not protected by copyright law, *see Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 344-45, 111 S. Ct. 1282, 1287 (1991), and the only contractual restrictions attached to the Complaint are terms of use for a website published by Internet

In short, all of Internet Retailer's proposed expedited discovery requests are overbroad and/or place an undue burden on etailinsights, especially considering the early stage of these proceedings and the serious issues regarding the insufficiency of the Complaint. This is yet another reason the Motion is *not* reasonable and should be denied.

3.  Internet Retailer's Motion is also *Not* Reasonable Because its Stated Purpose is to Discover Facts to Support a Hypothetical Preliminary Injunction Based on the Alleged Copying of Outdated and Obsolete Information.

In the instant case, even assuming Internet Retailer's expedited discovery requests were more narrowly tailored and less burdensome, which is denied, Internet Retailer's Motion is still *not* reasonable given that its stated purpose is to discover facts to support a hypothetical preliminary injunction based on alleged misappropriation that Internet Retailer alleges to have occurred as many as ***five years ago***, and on the use of outdated and obsolete information.  To determine the reasonableness of expedited discovery, the Court should consider the purpose of the expedited discovery. *Ibarra*, 816 F. Supp. 2d at 554 ("In applying the 'reasonableness' standard, factors a Court may consider include . . . (3) the purpose for requesting the expedited discovery. . . .").

Internet Retailer purports to seek expedited discovery to obtain evidence (that is obviously lacking) to support a hypothetical preliminary injunction motion that might be filed in the future if it can find some facts to support its claims. Specifically, Internet Retailer requests expedited discovery for the purpose of "obtain[ing] the information it needs to file a preliminary injunction and stop the harm [e]tailinsights has caused it." (Mot. for Expedited Disc. (introduction section).) However, Internet Retailer's expedited discovery is unlikely to produce information to support its hypothetical preliminary

Retailer, which does not even purport to restrict use of the print version of the Top 500 Guide that is the subject of the Complaint. (*See* Compl. Ex. B.)

injunction because, while Internet Retailer claims "[its] case hinges on whether [e]tailinsights copied Internet Retailer's Guide and stole its Contact List to create a competing product. . . ." (Mot. for Expedited Disc. ¶ 5.), even if these allegations were true, which is absolutely denied, both the "Internet Retailer's Guide" and the "Contact List" referenced in the Complaint contain outdated and obsolete information that was allegedly copied and/or used as much as five years ago.

Specifically, as to "Internet Retailer's Guide," the Complaint alleges that "[o]n information and belief, [e]tailinsights [sic] has . . . updated [e]tailinsights['] knockoff Database using Internet Retailer's Top 500 Guide *for years 2012 and 2013*." (Compl. ¶ 12 (emphasis added).) However, Internet Retailer fails to mention that its Top 500 Guide *for year 2014*, which Internet Retailer has even marketed to etailinsights since the filing of this lawsuit, has succeeded its 2012 and 2013 guides. (*See* Ex. A.) It stands to reason that whatever etailinsights allegedly "copied" from the 2012 and 2013 guides is outdated and obsolete, because the information in the older guides has been superseded by the 2014 guide. Any alleged harm stemming from etailinsights' taking and/or use of now outdated and obsolete 2012 and 2013 data will *not* be immediate and irreparable in 2014, and therefore deviating from the normal course and allowing expedited discovery will not support Internet Retailer's hypothetical preliminary injunction motion.

Furthermore, as to the "Contact List," the Complaint claims "on information and belief . . . before the Former Bronto Employees resigned from Bronto, one or a combination of the group, downloaded, copied, or otherwise obtained for their own use Internet Retailer's Contact List from Bronto. . . ." [7] (Compl. ¶ 31.) Etailinsights denies

---

[7] Notably, the evidence will show that none of the referenced Bronto resignations were recent; these resignations occurred between December 2010 and March 2012, over two years ago.

that there is any basis for this allegation, and, as is rampant throughout the Complaint, this allegation made "on information and belief" is unsupported by any clear basis. Nonetheless, the alleged taking and/or use of the Contact List is apparently alleged to have occurred as early as 2009. Therefore, Internet Retailer now seeks to "obtain the information it needs to file a preliminary injunction" by discovering facts surrounding a Contact List allegedly taken and/or used as early as 2009 to support a preliminary injunction in 2014. However, any alleged harm stemming from etailinsights' taking and/or use of a Contact List as early as 2009, which etailinsights denies *ever* occurred, is neither immediate nor irreparable in 2014. Furthermore, like the 2012 and 2013 Guides discussed earlier, a potentially five-year-old Contact List contains largely outdated and obsolete contact information. Any alleged harm stemming from etailinsights' alleged taking and/or use of an outdated and obsolete Contact List is neither immediate nor irreparable. Therefore, deviating from the normal course and allowing expedited discovery will not support Internet Retailer's hypothetical preliminary injunction motion.

Overall, Internet Retailer's purpose for seeking expedited discovery is unreasonable because even with expedited discovery, Internet Retailer will *not* likely discover information to support a preliminary injunction based on etailinsights' alleged copying and/or use outdate and obsolete information that occurred as much as five years ago, and, thus, Internet Retailer's Motion should be denied.

---

Importantly, while Internet Retailer contends the Contact List was misappropriated by a Bronto employee, Internet Retailer has not added Bronto as a defendant to this lawsuit further raising suspicion about Internet Retailer's anticompetitive motive for filing this lawsuit against etailinsights.

**B. Internet Retailer's Motion Should Be Denied Because The Court Should First Allow etailinsights to Address a Serious Question About Whether Internet Retailer has Stated a Lanham Act Claim Sufficient to Support this Court's Subject Matter Jurisdiction.**

Not only should the Court deny Internet Retailer's Motion because it fails the reasonableness standard, but the Motion should also be denied because there is a serious question about whether Internet Retailer has stated a Lanham Act claim sufficient to support this Court's subject matter jurisdiction, and the Court should allow etailinsights to address this issue, in the appropriate time allowed by the Federal Rules of Civil Procedure, before authorizing any costly and outside-the-norm discovery. Limitations on discovery "are often deemed appropriate where the motion to dismiss can resolve the case-at least as to the moving party, or where the issue is a threshold one, such as jurisdiction, standing, or qualified immunity." *In re Sulfuric Acid Antitrust Litig.*, 231 F.R.D. 331, 337 (N.D. Ill. 2005) (internal citations omitted).

Internet Retailer alleges this Court has subject matter jurisdiction solely pursuant to 28 U.S.C. § 1331 as a result of its Lanham Act claim. (*See* Compl. ¶ 3.) However, there is a serious question regarding whether Internet Retailer has sufficiently alleged a Lanham Act claim against etailinsights and therefore a serious question regarding whether this Court has subject matter jurisdiction. It is well settled in this District that "claims that allege false representation or false advertising under the Lanham Act are subject to the heightened pleading requirements of Fed.R.Civ.P. 9(b)." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 709 (N.D. Ill. 2006) (citing authorities). "These heightened pleading requirements 'force the plaintiff to do more than the usual investigation before filing his complaint.'" *Id.* at 709 (quoting *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir.1999)).

Internet Retailer has not met Rule 9's heightened pleading standard requirements sufficient to state a Lanham Act claim. For example, Internet Retailer's numerous "on information and belief" allegations are, by law, typically insufficient to support a claim subject to Rule 9, including Internet Retailer's Lanham Act claim. *See supra* note 5. Indeed, such "on information and belief" allegations should be disregarded, and without those allegations Internet Retailer's Lanham Act claim fails, and it loses its only alleged basis for this Court's subject matter jurisdiction. *See Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 683-84 (7th Cir. 1992) ("[The fraud allegations] are essential, but being based on information and belief must be disregarded.").

Because these issues may resolve the case as to etailinsights, or at least determine the threshold issue of jurisdiction, the Court should allow etailinsights to address the question about whether Internet Retailer has stated a Lanham Act claim and whether the Court has subject matter jurisdiction prior to authorizing costly, outside-the-norm expedited discovery. Therefore, Internet Retailer's Motion should be denied.

### C. Alternatively, etailinsights Should Be Allowed its Own Expedited Discovery Alongside Internet Retailer's Expedited Discovery.

In the event the Court determines deviating from the norm and allowing expedited discovery is appropriate in this case, which is denied, etailinsights respectfully requests that the Court allow it to conduct expedited discovery on the limited subjects outlined in **Exhibit C**, attached hereto. While etailinsghts contends that the normal course of discovery is more appropriate given the circumstances of this particular case, if Internet Retailer is to be permitted leave to proceed on an expedited discovery, etailinsights should be permitted expedited discovery on the topics listed in Exhibit C so that it may reasonably discover the basis, if any, of Internet Retailer's claims considering the thin

pleadings in the Complaint. Further, to the extent Internet Retailer is allowed broad scoped expedited discovery regarding the origin or source of all of etailinsights' Database information, etailinsights should be entitled to similar discovery regarding the source of Internet Retailer's Contact List and Top 500 Guide information to support its defenses. Therefore, in the alternative to denying Internet Retailer's Motion, etailinsights' respectfully requests that the Court allow it to conduct expedited discovery on the limited subjects outlined in **Exhibit C**.

**CONCLUSION**

Internet Retailer has *not* shown good cause for expedited discovery because its expedited discovery requests do not pass the necessary reasonableness standard. Furthermore, there is a serious issue regarding Internet Retailer's Lanham Act claim and this Court's subject matter jurisdiction that should be addressed prior to discovery. Therefore, etailinsights respectfully requests that Internet Retailer's Motion be denied. In the alternative, although etailinsights believes that discovery should proceed in the normal course for the many reasons outlined herein, if the Court nevertheless grants Internet Retailer leave to pursue expedited discovery, etailinsights respectfully requests that the Court permit etailinsights to conduct the discovery outlined in Exhibit C on an expedited basis as well.

Dated: May 12, 2014                             Respectfully submitted:

                                                /s/ Jill C. Anderson

                                                Jill C. Anderson
                                                Freeborn & Peters LLP
                                                311 S. Wacker Drive, Ste. 3000
                                                Chicago, Illinois 60606
                                                Telephone: 312-360-6000
                                                Fax: 312-360-6571

J. Kellam Warren, NC Bar No. 26811
MAINSAIL LAWYERS
1340 Environ Way
Chapel Hill, NC 27517
Telephone: (919) 238-4088
Fax: (888) 501-9309
E-mail: kwarren@mainsaillawyers.com

*Attorneys for Defendant etailinsights, Inc.*

**<u>CERTIFICATE OF SERVICE</u>**

The undersigned hereby certifies that a copy of the foregoing ***Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Expedited Discovery*** was filed electronically on May 12, 2014 using the CM/ECF System. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ Jill C. Anderson