# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| Vertical Web Media, L.L.C., a/k/a Internet Retailer, | ) ) ) | Case No. 1:14-cv-03220 |
| Plaintiff, | ) ) ) | Judge Joan B. Gottschall Magistrate Judge Susan E. Cox |
| v. | ) ) ) | |
| Etailinsights, Inc. | ) ) | |
| Defendant. | ) | |

## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS OR, IN THE ALTERNATIVE, MOTION FOR MORE DEFINITE STATEMENT

Defendant, Etailinsights, Inc. ("etailinsights"), moves to dismiss the Complaint filed by Plaintiff, Vertical Web Media, L.L.C., d/b/a Internet Retailer ("Internet Retailer"), because Internet Retailer's thinly pled allegations fail to state a claim against etailinsights under the Lanham Act, the Illinois Uniform Deceptive Trade Practices Act ("IDTPA"), and the Illinois Consumer Fraud and Deceptive Business Practices Act ("IDBPA") (collectively the "Fraud Claims"). As demonstrated below, the supporting allegations fall short of the heightened pleading standard of Rule 9. Moreover, apart from the Lanham Act claim (which should be dismissed), Internet Retailer fails to allege a proper basis for this Court's subject matter jurisdiction under 28 U.S.C. § 1331, or any reason for the Court to accept supplemental jurisdiction over Internet Retailer's remaining state law claims. Therefore, the Court should dismiss the Complaint in its entirety. Alternatively, the Court should require Internet Retailer to provide a more definite statement so etailinsights can reasonably respond to the Complaint's vague and ambiguous allegations.

# FACTUAL ALLEGATIONS IN COMPLAINT[1]

To support the Fraud Claims, Internet Retailer alleges generally that etailinsights has used "false and misleading descriptions and representations" that are supposedly causing injury. (Compl. ¶¶ 38-39, 55, 62.) However, the only allegedly "false and misleading" statements identified in the Complaint are based on nothing more than Internet Retailer's "information and belief." (*See* Compl. ¶¶ 21-22.) The following comprise the entirety of Internet Retailer's fraud allegations:

> 21. *On information and belief*, many of the privately held retailers listed in the Database have not disclosed their web sales numbers to Etailinsights despite its false and misleading representation that "our company records are refreshed and phone verified by our research team every 90 days to ensure that our data is accurate and timely." Etailinsights' aforementioned claim is unsubstantiated and thus literally false. A copy of Etailinsights' website is attached hereto as Exhibit C.
>
> 22. *On information and belief*, although Etailinsights claimed on February 12, 2014 that 2013 data related to web sales numbers was available to subscribers to its monthly membership, no 2013 data was available to subscribers. Etailinsights' aforementioned claim is literally false.

(*Id.*, emphasis added)

These are not the only allegations that Internet Retailer makes on "information and belief." (*See id.* ¶¶ 12-15, 18, 31-32.) It also alleges on "information and belief" that etailinsights purchased Internet Retailer's products, took Internet Retailer's contact list, and used those products and contact list to develop part of etailinsights' Database. (*See id.*) Also alleged on "information and belief" is that etailinsights supposedly copied "information" from Internet Retailer's 2012 and 2013 editions of the Top 500 *Guide*, a

---

[1] Etailinsights incorporates these factual allegations here for the sole purpose of demonstrating that Internet Retailer has not stated a claim against etailinsights, even when its allegations are taken in the light most favorable to Internet Retailer. They do not constitute admissions of the truth of any of those allegations.

2

print version book, to develop part of its database. (*See id.* ¶ 12.) Internet Retailer then misleadingly attaches the terms and conditions limiting the use of Internet Retailer's Top 500 *website* to the Complaint, which does not relate to the print version book. (*See id.* ¶ 11, Ex. B.)

Finally, the sole basis alleged for this Court's jurisdiction is Internet Retailer's Lanham Act claim, Count I in the Complaint. (*See id.* ¶¶ 3, 37-43.) From that Lanham Act claim, Internet Retailer asserts this Court has supplemental jurisdiction over the remaining separate state law claims. (*See id.* ¶ 4.)

## STANDARD OF REVIEW

Under Rule 12(b)(6), the Court should dismiss a complaint if the plaintiff has failed to state a claim upon which relief can be granted. *See* FED. R. CIV. P. 12(b)(6). "The purpose of a motion to dismiss is to test the sufficiency of the complaint, not to decide the merits." *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). Although the Court must ordinarily construe facts in favor of the plaintiff when testing the sufficiency of a complaint, the Court is "not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 657-58 (7th Cir. 2002); *see also Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).

## ARGUMENT

### A. The Fraud Claims Should be Dismissed Because Internet Retailer Fails To Satisfy the Heightened Pleading Standard of Rule 9.

Federal Rule of Civil Procedure 9 requires a plaintiff "[i]n alleging fraud or mistake" to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9. This rule "requires the plaintiff to conduct a precomplaint investigation in sufficient depth to assure that the charge of fraud is responsible and supported, rather

3

than defamatory and extortionate." *Ackerman v. Nw. Mut. Life Ins. Co.*, 172 F.3d 467, 469 (7th Cir. 1999). It is well settled in this district that "claims that allege false representation or false advertising under the Lanham Act are subject to the heightened pleading requirements of Fed. R. Civ. P. 9(b)." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 709 (N.D. Ill. 2006) (citing authorities). Likewise, allegations of fraud under the IDBPA and IDTPA must be pled with particularity under Rule 9. *See B. Sanfield, Inc. v. Finlay Fine Jewelry Corp.*, 1993 WL 515859, at *2 (N.D. Ill. Dec. 13, 1993) (stating that Rule 9(b) . . . applies to the [IDBPA] allegations [plaintiff] makes in its complaint); *Floorcoverings, Int'l, Ltd v. Swan*, 2000 WL 528480, at *4 (N.D. Ill. Apr. 25, 2000) (citing *Mitsubishi Electric Corp. v. IMS Technology, Inc.*, 1997 WL 630187 (N.D. Ill. Sept. 30, 1997) as holding "where plaintiff sues under the [IDBPA] to recover for violations of the [IDTPA] and the claim is based on fraud rather than commercial disparagement, plaintiff must state claim with particularity").

A review of the Complaint shows that Internet Retailer failed to meet this heightened pleading standard even though it brings claims under the Lanham Act, the IDBPA, and the IDTPA. First, the only specifically challenged statements pled in the Complaint that Internet Retailer claims are "false and misleading" are stated on "information and belief," and there are no allegations supporting any grounds whatsoever for Internet Retailer's suspicion or belief. (*See* Compl. ¶¶ 21-22.) Making such allegations of fraud on "information and belief," especially without stating the grounds for such belief, is legally insufficient under Rule 9. *See, e.g., Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677, 684 (7th Cir. 1992) (stating that a plaintiff has "the duty to plead the circumstances constituting fraud with particularity [that] [can]not be fulfilled

4

by pleading those circumstances on 'information and belief' unless there [are] facts inaccessible to the plaintiff, in which event he ha[s] to plead the grounds for his suspicions").[2] Consequently, the allegations made on "information and belief" should be disregarded as to the Fraud Claims, and without any allegations to support Internet Retailer's claim that etailinsights made "false and misleading representations," the Fraud Claims should be dismissed. *See id.* at 683-84 (finding district court should have dismissed fraud count after disregarding allegations of essential elements alleged only upon information and belief, because pleading fraud merely upon information and belief violates Rule 9(b)).

Not only are the challenged statements underlying the Fraud Claims improperly pled on "information and belief" without stating the grounds for Internet Retailer's suspicion, but the allegations are also impermissibly vague and conclusory regarding the truthfulness of the challenged statements. *See In re First Chicago Corp. Sec. Litig.*, 769 F. Supp. 1444, 1453 (N.D. Ill. 1991) ("Vague and conclusory allegations that the defendant's representations were not true, however, are insufficient for 9(b) purposes."). Internet Retailer does nothing more than make allegations on "information and belief" that the challenged statements in Paragraphs 21 and 22 are "unsubstantiated" and/or "false." (*See* Compl. ¶¶ 21-22.) As noted above, such vague and conclusory allegations, especially made on "information and belief," do not meet Rule 9's heightened pleading standard. *See Linder v. Brinckman*, 1993 WL 294005, at *3 (N.D. Ill. Aug. 4, 1993) ("Particularly where allegations of fraud are brought on 'information and belief,' as in this case, the pleading must state the facts upon which that belief is formed and not

---

[2] Notably, over thirty percent of the factual allegations in the Complaint are made on "information and belief." (*See* Compl. ¶¶ 12-15, 18, 20-22, 31-32.)

simply quote verbatim from the reports and declare the statements untrue."). Because the allegations regarding the truthfulness of the challenged statements are impermissibly vague and conclusory, the Fraud Claims should be dismissed. *See In re First Chicago Corp.*, 769 F. Supp. at 1453, 1455 (dismissing plaintiffs' fraud claim where "plaintiffs do little more than assert that the quotations were misrepresentations").

Moreover, in Paragraph 22, Internet Retailer also alleges in an impermissibly vague manner that, "[o]n information and belief, although [e]tailinsights claimed on February 12, 2014 that 2013 data related to web sales numbers was available to subscribers to its monthly membership, no 2013 data was available to subscribers." (Compl. ¶ 22.) This allegation is impermissibly vague because Internet Retailer fails to plead the required "place of the misrepresentation," "content of the misrepresentation," and "method by which the misrepresentation was communicated." *See, e.g. Uni\*Quality, Inc. v. Infotronix, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992) (stating that, under Rule 9's heightened pleading standard, a plaintiff is required to state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff").

Overall, because the allegations pled in support of Internet Retailer's Fraud Claims are vague, non-particular, and made on "information and belief," the Complaint fails to meet the heightened pleading standard of Rule 9 and Internet Retailer's Fraud Claims, including the Lanham Act claim, should be dismissed for failure to state a claim.

**B. Because the Lanham Act Claim Should be Dismissed, the Court Should Decline to Exercise Supplemental Jurisdiction Over the Remaining State Law Claims and Dismiss the Complaint.**

Because the only claim giving rise to federal jurisdiction is Internet Retailer's Lanham Act claim (*See* Compl. ¶ 3), and, as demonstrated above, that claim should be dismissed, there is no reason for this Court to exercise supplemental jurisdiction over the remaining state law claims.[3] *See* 28 U.S.C.A. § 1367 (stating that a district court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction. . . ."). As the Supreme Court has noted, "[c]ertainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966). After all, "pendent jurisdiction is a doctrine of discretion, not of plaintiff's right." *Id.*

Here, because the Lanham Act claim should be dismissed, no claim under U.S. federal law remains in this case. Instead, the remaining claims are based on state law and more properly resolved in state court, and the Court may properly decline jurisdiction over the remaining state law claims. *See Wang v. Gordon*, 715 F.2d 1187, 1190 (7th Cir. 1983) ("Since the federal claims were properly dismissed and not even colorable, the district court properly declined jurisdiction over the eight state law claims set forth in Counts II–IX."). Furthermore, Internet Retailer, as a resident of Illinois, is in no danger

---

[3] Absent the Lanham Act claim, the Complaint alleges the following five state law claims: the Illinois Trade Secrets Act, 756 ILCS 1065/2 (Compl. ¶¶ 44-53); the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2(5)(9) (Compl. ¶¶ 54-59); the Illinois Consumer Fraud and Deceptive Business Act, 815 ILCS 505/2 (Compl. ¶¶ 60-66); Common Law Conversion (Compl. ¶¶ 67-72); and Breach of Contract (Compl. ¶¶ 73-77).

of prejudice from having its claims adjudicated in its home state. Therefore, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims.

Furthermore, the Supreme Court has also held that jurisdiction may be defeated where "the alleged claim under the Constitution or federal statutes clearly appears to be immaterial and made solely for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous." *Bell v. Hood*, 327 U.S. 678, 682-83 (1946); *see also Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1185-86 (7th Cir. 1989) (finding that because plaintiff did not provide any facts that would suggest he had a colorable federal law claim against defendant, the federal law claim appeared to be made for the purpose of obtaining federal jurisdiction over state law claims, and the district court should have dismissed the complaint for lack of subject matter jurisdiction under *Bell*). Here, Internet Retailer's Lanham Act claim "appears to be immaterial and made solely for the purpose of obtaining jurisdiction" due to the insufficiency of the Fraud Claims coupled with the number and nature of the state law claims. .

Overall, because the Court should dismiss the only claim over which it has original jurisdiction, the only remaining claims are state law claims, and the Lanham Act claim appears to be immaterial and made solely for the purposes of obtaining jurisdiction, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss the Complaint in its entirety.

### C. In the Alternative, Internet Retailer Should Provide a More Definite Statement of the Allegations Supporting its Claims Where Internet Retailer's Allegations are Vague and Ambiguous.

"[I]f a pleading to which a responsive pleading is permitted is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading, the

party may move for a more definite statement before interposing a responsive pleading." FED. R. CIV. P. 12(e). That is the case here. Accordingly, if the Court determines that it will not dismiss the Complaint in its entirety, then the Court should alternatively require Internet Retailer to provide a more definite statement of its vague and ambiguous allegations under Rule 12(e).

"[A] motion for a more definite statement is appropriate when a plaintiff fails to adequately plead claims subject to the heightened pleading requirements of Rule 9(b)." *Rosenbaum v. Seybold*, 2007 WL 1959241, at *2 (N.D. Ind. July 2, 2007). In previous fraud cases, this Court has required a more definite statement when the plaintiff's allegations were impermissibly vague and conclusory. *See Robinson v. Midlane Club, Inc.*, 1994 WL 577219, at *6 (N.D. Ill. Oct. 18, 1994) (granting motion for more definite statement regarding fraud allegations that were too vague to satisfy Rule 9 and too conclusory to allow defendant to prepare a meaningful response). Likewise, Internet Retailer should provide etailinsights with a more definite statement of the vague and conclusory allegations supporting its Fraud Claims that is sufficient to satisfy Rule 9's heightened pleading standard. For example, Internet Retailer should provide sufficient grounds for its allegations made on "information and belief," including sufficient grounds for why it alleges that the contested statements in Paragraphs 21 and 22 are "false and misleading." *See Bankers Trust Co.*, 959 F.2d at 684 (stating that a plaintiff has "the duty to plead the circumstances constituting fraud with particularity [that] [can]not be fulfilled by pleading those circumstances on 'information and belief' unless there [are] facts inaccessible to the plaintiff, in which event he ha[s] to plead the grounds for his suspicions."). Similarly, to support the challenged statement in Paragraph 22, Internet

9

Retailer should provide sufficient allegations regarding "the place of the misrepresentation," "the content of the misrepresentation," and "the method by which the misrepresentation was communicated." All of this information is required under Rule 9. *See Uni\*Quality, Inc.*, 974 F.2d at 923 (stating that, under Rule 9's heightened pleading standard, a plaintiff is required to state "the identity of the person making the misrepresentation, the time, place, and content of the misrepresentation, and the method by which the misrepresentation was communicated to the plaintiff").

Furthermore, the allegations regarding etailinsights' supposed copying of "information," and how the copying of that information was "improper," are also impermissibly vague and ambiguous and require a more definite statement. Internet Retailer alleges broadly that "[o]n information and belief, [e]tailinsights has improperly copied the information contained in the Guide." (Compl. ¶ 20.) However, Internet Retailer fails to allege what "information" etailinsights allegedly copied. As such, a more definite statement of this "information" is required.

Additionally, Internet Retailer should provide a more definite statement identifying any legal and/or contractual obligations that make it allegedly "improper" for etailinsights to copy this unidentified "information." It is universally understood that copyright laws do not protect facts and ideas. *See Feist Publications, Inc. v. Rural Tel. Serv. Co., Inc.*, 499 U.S. 340, 344-45 (1991) ("That there can be no valid copyright in facts is universally understood. The most fundamental axiom of copyright law is that '[n]o author may copyright his ideas or the facts he narrates.'"). Apparently aware of this rule, Internet Retailer did not bring a copyright claim, but instead makes a conclusory allegation that, "[e]tailinsights *improperly* copied the information contained in the

10

Guide." (Compl. ¶ 20, emphasis added.) However, nothing in the Complaint suggests how etailinsights' alleged copying of "information," a vague and ambiguous term in itself, was "improper." After all, the allegedly copied "information" could certainly include unprotected facts over which Internet Retailer would not have protectable rights.[4]

Significantly, Internet Retailer fails to allege the existence of any contract limiting etailinsights' use of "information" in the Top 500 Guide. To be sure, Internet Retailer alleges generally that "[e]tailinsights is a party to a contract with Internet Retailer which, as described above, prohibits [e]tailinsights from improperly copying the Guide." (Compl. ¶ 74.) However, the allegations that are supposedly "described above" do not reasonably allege the existence of any contract between the parties or any contractual restrictions on etailinsights' use of "information" contained in the Guide. A single allegation suggests Internet Retailer may believe that the terms and conditions on its *website* form a contract with etailinsights. (*See* Compl. ¶ 11.) But Internet Retailer fails to plead how an alleged contract limiting etailinsights' use of Internet Retailer's *website* operates as a limit on the use of "information" in Internet Retailer's Top 500 Guide, a *book*. Internet Retailer also cites a single sentence allegedly contained in "[e]ach Internet Retailer product" which states that "no part of this magazine may be reproduced in any form." (*Id.*) It is unclear whether Internet Retailer alleges that this single sentence forms a contractual obligation between the parties. However, nothing in the Complaint suggests that it does, because, for example, Internet Retailer does not allege what consideration was given for that provision, and it does not allege how there was any meeting of the

---

[4] Internet Retailer also alleges a claim under the Illinois Trade Secrets Act, the sufficiency of which is *not* admitted, but that claim only alleges etailinsights' supposed use of Internet Retailer's contact list, and the claim does not implicate or protect Internet Retailer's "information" in the Guide from use by others.

minds between the parties to assent to that term. *See Barraia v. Donoghue*, 49 Ill. App. 3d 280, 282, 364 N.E.2d 952, 954 (1977) ("It is fundamental . . . that a contract requires the mutual assent of the parties. For a contract to come into being there must be a meeting of the minds to the contract."). Therefore, absent a more definite statement, Internet Retailer does not reasonably allege the existence of a contract, and certainly not a contract that would limit etailinsights' use of the "information" in the Top 500 Guide and make that use "improper."

A more definite statement is also necessary for Internet Retailer's "conversion" claim, in which Internet Retailer alleges that "[e]tailinsights has improperly assumed ownership over Internet Retailer's Guide and has willfully and without justification converted Internet Retailer's Guide for its own use." (Compl. ¶ 68.) By Internet Retailer's own admission, however, etailinsights *purchased* the Guide, which makes it unclear how Internet Retailer believes that etailinsights improperly assumed ownership over the Guide. (*See id.* ¶¶ 10, 12.) Internet Retailer also alleges that "Internet Retailer has the sole right to possess the information that appearing [sic] in the Guide." (*Id.* ¶ 71.) Of course, this allegation is not supported by any other allegations that indicate how Internet Retailer has the sole right to possess the information in the Guide. Indeed, generally, intangible information cannot be the subject of a conversion claim in Illinois unless the information is confidential. *See In re Thebus*, 108 Ill. 2d 255, 260, 483 N.E.2d 1258, 1260 (1985) ("It is ordinarily held, however, that an action for conversion lies only for personal property which is tangible, or at least represented by or connected with something tangible."); *Conant v. Karris*, 165 Ill.App.3d 783, 792, 520 N.E.2d 757, 763 (1987) (holding that plaintiff could state a claim for conversion of *confidential*

information). Furthermore, Internet Retailer sells the Guide to others and *does not* allege the contents of the book are confidential. (*See* Compl. ¶ 7, and generally.) Thus, anyone who purchases the Guide, including etailinsights, logically possesses the information appearing in it. Therefore, Internet Retailer does not reasonably allege a property right that would limit the use of the "information" in the Top 500 Guide and make etailinsights' use of that information "improper." Therefore, if the Complaint is not dismissed, a more definite statement is needed for Internet Retailer's conversion claim, too.

In sum, absent dismissal of the Complaint, a more definite statement is necessary in regards to the Fraud Claims as well as to what "information" etailinsights allegedly copied and what legal and/or contractual obligations made etailinsights' copying "improper."

## **CONCLUSION**

Internet Retailer failed to state a claim as to the Fraud Claims, including the Lanham Act claim, and those claims should be dismissed. Furthermore, absent the Lanham Act claim, the Court should decline to exercise supplemental jurisdiction over the remaining state law claims and dismiss the Complaint in its entirety. In the alternative, the Court should require Internet Retailer to provide a more definite statement as to the allegations supporting the Fraud Claims, as well as a more definite statement as to what "information" etailinsights allegedly copied and what legal or contractual obligations made etailinsights' copying "improper."

*[Signature block appears on the following page.]*

Dated: May 27, 2014

Respectfully submitted:

/s/ Jill C. Anderson

Jill C. Anderson
Freeborn & Peters LLP
311 S. Wacker Drive, Ste. 3000
Chicago, Illinois 60606
Telephone: 312-360-6000
Fax: 312-360-6571

J. Kellam Warren, NC Bar No. 26811
MAINSAIL LAWYERS
1340 Environ Way
Chapel Hill, NC 27517
Telephone: (919) 238-4088
Fax: (888) 501-9309
E-mail: kwarren@mainsaillawyers.com

*Attorneys for Defendant etailinsights, Inc.*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing ***Defendant's Memorandum of Law in Support of its Motion to Dismiss or, in the Alternative, Motion for More Definite Statement*** was filed electronically on May 27, 2014 using the CM/ECF System. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing.

/s/ Jill C. Anderson